IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR M. COLE,

Petitioner, No. CIV S-08-0735 LKK DAD P

vs.

FELKER et al.,

Respondents.

ORDER AND

FINDINGS AND RECOMMENDATIONS

_______________________________/

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner challenges a judgment of conviction entered in the Sacramento County Superior Court in 2003, seeking relief on the ground that he received ineffective assistance of counsel. (Pet. at 5.)

The court's records reveal that petitioner previously filed a petition for writ of habeas corpus attacking this same conviction. See Case No. CIV S-06-2454 GEB DAD P.[1] Petitioner filed the petition on November 6, 2006, claiming that: (1) he was denied his right to contest consecutive sentencing under the decisions in Apprendi and Blakely; (2) there was

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

insufficient evidence to support his conviction for assault with a firearm; and (3) his rights were violated when the trial court allowed a non-Mirandized statement into evidence. Petitioner also filed a motion for stay and abeyance at that time, arguing that his ineffective assistance of counsel claim was not exhausted on direct appeal because he lacked evidence to present to the state courts due to a prison transfer. This court denied petitioner's motion for stay and abeyance and dismissed the action with prejudice, finding that the petition was time-barred because it had been filed beyond the one-year statute of limitations.

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Before a second or successive petition permitted by statute can be filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The petitioner in this case has not obtained an order authorizing the district court to consider his second or successive petition. Petitioner cannot proceed with such a petition in

/////

/////

/////

this court unless and until he obtains such an order.[2] Accordingly, petitioner's unauthorized second or successive petition should be dismissed without prejudice to its refiling with a copy of an order of the United States Court of Appeals for the Ninth Circuit authorizing him to file a second or successive petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's April 7, 2008 application to proceed in forma pauperis is denied;

2. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 8, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cole0735.156

[2] Moreover, it appears that this petition, as was the case with petitioner's earlier petition, is time-barred. See 28 U.S.C. § 2244(d)(1)(A).