IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR M. COLE,

        Petitioner,                  No. CIV S-08-0735 LKK DAD P

     vs.

FELKER et al.,

        Respondents.        ORDER

                                /

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is petitioner's May 14, 2008 motion for stay and abeyance.

        On May 9, 2008, the undersigned issued findings and recommendations, recommending that petitioner's petition be dismissed as "second or successive." The court explained that, before petitioner may permissibly file a second or successive petition, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Here, petitioner has not obtained an order authorizing the court to consider his petition.

        As petitioner recognizes, the United States Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present

1

1  unexhausted claims to the state court where there is good cause for the petitioner's failure to
2  exhaust all claims in state court before filing a federal habeas petition.  Rhines v. Weber, 544
3  U.S. 269, 277 (2005).  See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing
4  district courts to stay fully exhausted federal petitions pending exhaustion of other claims);
5  Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998).  However,
6  the district court should not grant a stay if the unexhausted claims are plainly meritless.  544 U.S.
7  at 277.

        Here, petitioner's pending motion is vague and conclusory and does not provide sufficient facts and information to satisfy the requirements of Rhines.  Moreover, as the court noted in its findings and recommendations filed May 9, 2008, it appears that this petition, as was the case with petitioner's earlier petition, is time-barred.  See 28 U.S.C. § 2244(d)(1)(A).  Accordingly, in light of the pending findings and recommendations, recommending dismissal of this action, as well as petitioner's failure to show good cause under Rhines, the court will deny petitioner's motion for stay and abeyance.

        In accordance with the above, IT IS HEREBY ORDERED that petitioner's May 14, 2008 motion for stay and abeyance is denied.

DATED: May 22, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cole0735.msty

2